UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-20942

ANN JOHNSON,

    Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES LTD.,

    Defendant.
_____/

## **COMPLAINT**

Plaintiff, Ann Johnson, brings this action to address the conduct by Defendant, Royal Caribbean Cruises LTD., as follows:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Ann Johnson ("Ms. Johnson")**, was and is a resident of Miami-Dade County, at all times material, and he is *sui juris*.

2. **Defendant, Royal Caribbean Cruises LTD. ("RCC")**, is a for-profit Liberian company and it is *sui juris*.

3. RCC maintains its principal place of business in Miami, it makes all operational decisions in Miami, and it employed Ms. Johnson in Miami.

4. This Court has original jurisdiction over Ms. Johnson's claims that arise under federal law pursuant to 28 U.S.C. §1331 and 42 U.S.C. §12101, *et seq.*, and supplemental / pendent jurisdiction over her related state law claim(s) pursuant to 28 U.S.C. §1367.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because RCC is located within

this District and because most of the actions complained of occurred within this District.

### ***Background Facts***

6. RCC hired Ms. Johnson to work for it as a Senior Financial Analyst.

7. Ms. Johnson suffered a work-related injury at a mandatory team-building event on or about April 24, 2019.

8. Ms. Johnson underwent knee surgery on June 12, 2019.

9. Ms. Johnsons surgeon completed a "medical certification" in which he indicated that she would not be able to return to work before July 22, 2019 because of a "serious medical condition".

10. Ms. Johnson's surgeon outlined her treatment regimen to include prescription medications, physical therapy for 3 times a week for 6 months, and intermediate office visits or exams.

11. Ms. Johnson provided all of this paperwork to RCC.

12. Ms. Johnson's "serious medical condition" affected her ability to walk and/or to care for herself.

13. Ms. Johnson applied for FMLA leave on June 13, 2019, but her FMLA leave was denied – likely because she had not worked for RCC for one year.

14. Several days later her FMLA request, RCC nonetheless approved Ms. Johnson's request for FMLA leave and applied her PTO towards her leave.

15. On June 19, 2019, Ms. Johnson's surgeon extended her medical leave needs until August 19, 2019.

16. Ms. Johnson then spoke with Ms. Roura from RCC in order to set up a call for

2

August 13, 2019 to discuss her return to work, including her work hour, schedule, shift(s), and physical therapy needs. Ms. Roura responded that she would discuss the situation with Katherine Palacios and Ms. Martinez in order to move forward.

17. Three days later, on August 16, 2019, Ms. Roura from RCC called Ms. Johnson to advise that shat she should <u>not</u> return to work.

18. Ms. Johnson was otherwise qualified for the position of Senior Financial Analyst with RCC.

19. Ms. Johnson was otherwise qualified to work as a Senior Financial Analyst with RCC, as she could still perform the essential functions of her job – albeit with accommodating a modified work schedule.

20. Ms. Johnson also received no complaints, warnings, or disciplinary actions while working for RCC.

21. All conditions precedent have been performed by Ms. Johnson, occurred, or waived by RCC.

22. Ms. Johnson retained the undersigned counsel and agreed to pay her counsel a reasonable fee for all services rendered.

### COUNT I –DISABILITY DISCRIMINATION
### IN VIOLATION OF TITLE I OF THE ADA

Plaintiff, Ann Johnson, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

23. The Americans with Disabilities Act of 1990, *see* 42.U.S.C. §12101, *et seq.*, as well as the 2009 amendments thereto ("ADA"), prohibit employers from discriminating against qualified

individuals because of an actual or perceived disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. §12112.

24. Title I of the ADA prohibits discrimination by an employer against "a qualified individual on the basis of disability." 42 U.S.C. § 12112(a).

25. RCC was at all times material an "employer", as the term is defined by the ADA.

26. The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of [an] individual; ... or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).

27. Ms. Johnson was disabled as a result of her knee injury that impaired one or more major life activities, such as walking and caring for herself.

28. RCC also "regarded" Ms. Johnson as disabled as a result of her knee injury that impaired one or more major life activities, such as walking and caring for herself.

29. Ms. Johnson was, nonetheless, still qualified to perform the functions of a Senior Financial Analyst with RCC, albeit with reasonable accommodations.

30. RCC was a "covered entity" that discriminated against Ms. Johnson "on account of" her (perceived) disability and/or "on account of" her actual disability.

31. RCC never performed any study, analysis, or determined whether it could accommodate any perceived or actual disability of Ms. Johnson, nor whether it could accommodate Ms. Johnson in her request for a modified schedule to accommodate her medical and/or physical therapy needs.

32. The requested accommodation of time off from work and a modified schedule

would not have caused an undue burden to RCC, since it had other employees who could handle Ms. Johnson's assignments, and her time off requests were for a certain time and/or certain time period.

33. RCC did not accommodate Ms. Johnson and did not engage in an interactive process, but instead terminated her employment.

34. There were other Senior Financial Analysts who were similarly situated to Ms. Johnson employed by RCC who were not regarded as having a disability and/or who did not have a documented impairment and who were treated better than Ms. Johnson, whose schedules were accommodated, and who were not terminated from their employment.

35. RCC would not have terminated Ms. Johnson's employment if she had not had a disability and requested accommodations. In other words, RCC terminated Ms. Johnson's employment because of her disability and request for accommodation(s).

36. RCC's acts of omission and/or of commission as stated above violated the ADA, which prohibits discrimination against persons who are disabled, who have a record of disability, or who are regarded as disabled.

37. As a direct and proximate result of RCC's conduct as described above, Ms. Johnson incurred economic losses, including the loss of wages and benefits, seniority, pension, vacation and sick leave benefits.

38. RCC's actions have caused and will continue to cause Ms. Johnson to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, all in an amount to be established at trial.

39. RCC's actions were undertaken intentionally, willfully, and maliciously with respect

to, or with reckless disregard for, Ms. Johnson's federally protected rights, and she is therefore entitled to punitive damages

WHEREFORE Plaintiff, Ann Johnson, demand the entry of a judgment in her favor and against Defendant, Royal Caribbean Cruises LTD., after trial by jury, for compensatory damages, including for damages to her reputation, emotional distress damages, mental anguish, to be placed in the position she would be in, but for the unlawful discrimination, through either reinstatement or lost past and future wages and employment-related benefits, the grant of injunctive relief prohibiting the Royal Caribbean Cruises LTD., from discriminating against her, punitive damages, her attorneys' fees, costs, and all interest allowed by law, and such other relief as the Court deems just and proper.

## COUNT II –DISCRMINIATION IN VIOLATION OF FCRA

Plaintiff, Ann Johnson, reincorporates and re-alleges paragraphs 1-22 as though set forth fully herein and further alleges as follows:

40. The Florida Civil Rights Act of 1992, Fla. Stat. §760.10, *et seq.*, prohibits employers from discriminating against qualified individuals because of a disability or handicap "in the areas of education, employment, housing, or public accommodations".

41. Ms. Johnson is a "person" as defined at Fla. Stat. §760.02(6).

42. RCC is an "employer" as defined at Fla. Stat. §760.02(7).

43. RCC "regarded" Ms. Johnson as disabled as a result of its considering her to have an impairment that limits one or more major life activities, such as walking and caring for herself.

44. Ms. Johnson was disabled as a result of her knee injury that impaired one or more major life activities, such as walking and caring for herself.

45. RCC also "regarded" Ms. Johnson as disabled as a result of her knee injury that impaired one or more major life activities, such as walking and caring for herself.

46. Ms. Johnson was, nonetheless, still qualified to perform the functions of a Senior Financial Analyst with RCC.

47. RCC was a "covered entity" that discriminated against Ms. Johnson "on account of" her (perceived) disability and/or "on account of" her actual disability.

48. RCC never performed any study, analysis, or determined whether it could accommodate any perceived or actual disability of Ms. Johnson, nor whether it could accommodate Ms. Johnson in her request for a modified schedule to accommodate her medical and/or physical therapy needs.

49. The requested accommodation of time off from work and a modified schedule would not have caused an undue burden to RCC, since it had other employees who could handle Ms. Johnson's assignments, and her time off requests were for a certain time and/or certain time period.

50. RCC did not accommodate Ms. Johnson and did not engage in an interactive process, but instead terminated her employment.

51. There were other Senior Financial Analysts who were similarly situated to Ms. Johnson employed by RCC who were not regarded as having a disability and/or who did not have a documented impairment and who were treated better than Ms. Johnson, whose schedules were accommodated, and who were not terminated from their employment.

52. RCC would not have terminated Ms. Johnson's employment if she had not had a disability and requested accommodations. In other words, RCC terminated Ms. Johnson's

employment because of her disability and request for accommodation(s).

53. RCC's acts of omission and/or of commission as stated above violated the ADA, which prohibits discrimination against persons who are disabled, who have a record of disability, or who are regarded as disabled.

54. As a direct and proximate result of RCC's conduct as described above, Ms. Johnson incurred economic losses, including the loss of wages and benefits, seniority, pension, vacation and sick leave benefits. In addition, her reputation was harmed and he suffered mental anguish as a direct and proximate result of RCC's conduct.

55. RCC's actions have caused and will continue to cause Ms. Johnson to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, all in an amount to be established at trial.

56. RCC's actions were undertaken intentionally, willfully, and maliciously with respect to, or with reckless disregard for, Ms. Johnson's federally protected rights, and she is therefore entitled to punitive damages

WHEREFORE Plaintiff, Lindsay Lawson, demand the entry of a judgment in her favor and against Defendant, Royal Caribbean Cruises LTD., after trial by jury, for compensatory damages, including for damages to her reputation, emotional distress damages, mental anguish, to be placed in the position she would be in, but for the unlawful discrimination, through either reinstatement or lost past and future wages and employment-related benefits, the grant of injunctive relief prohibiting the Royal Caribbean Cruises LTD., from discriminating against her, punitive damages, her attorneys' fees, costs, and all interest allowed by law, and such other relief as the Court deems just and proper.

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Ann Johnson, demands a trial by jury of all issues so triable.

Respectfully submitted this 10th day of March 2021.

                                              s/Brian H. Pollock, Esq.
                                              Brian H. Pollock, Esq.
                                              Fla. Bar No. 174742
                                              brian@fairlawattorney.com
                                              FAIRLAW FIRM
                                              7300 N. Kendall Drive
                                              Suite 450
                                              Miami, FL 33156
                                              Tel:    305.230.4884
                                              *Counsel for Plaintiff*